IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUEENISHA WILLIAMS, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:23-cv-1844-B-BN |
| EQUIFAX INFORMATION SERVICES LLC, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 16.

But, before Judge Boyle entered the referral order, Plaintiff Queenisha Williams filed a response to Defendant Equifax Information Services LLC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and to the Court's order to show cause as to why her untimely response to the motion to dismiss should not be stricken. *See* Dkt. Nos. 10, 11, & 13-15.

Equifax then filed a reply brief in support of its motion to dismiss and a reply to Williams's response to the show cause order. *See* Dkt. Nos. 18 & 19.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, even if the Court considers the substance of Williams's response, it should grant Equifax's motion to dismiss and dismiss the complaint with prejudice unless Williams satisfactorily shows (through timely objections, as further

explained below) a basis to amend the complaint to allege a plausible claim.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("A plaintiff can allege that objects dropped in water generally get wet; the defendant dropped an object in water; and that it is therefore highly likely the object got wet. Sure, it is possible that the defendant's particular object somehow escaped the water by landing on a boat or an animal. But

just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Accordingly, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

And, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

That said, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

**Discussion**

Starting with Williams's excuse for filing a response brief more than three months after the 21-day deadline imposed by the Court's local civil rules, *see* N.D. TEX. L. CIV. R. 7.1(e); *Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) ("Pursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.'"), Williams explains that "unforeseen personal circumstances, including personal problems and issues accessing email … imped[ed] her ability to adhere to the court's deadline," Dkt. No. 15 at 1.

Where the Court previously explained to Williams in its show cause order that she "is no entitled to file an untimely response without first moving the Court for

leave to do so," Dkt. No. 14 at 1 (citing FED. R. CIV. P. 6(b)(1)(B)), Williams's explanation does not satisfy the obligation to explain why the late-filed response should not be stricken.

Federal Rule of Civil Procedure 6(b)(1)(B) requires a showing of "excusable neglect" to extend an expired deadline. *Id.* The determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (cleaned up; quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

In short, Williams's cursory show cause response does not provide the Court enough context to consider the relevant circumstances – that is, for example, whether Williams's failure to monitor her email for more than three months was not within her reasonable control, and, so, she somehow acted in good in faith by filing a late response without obtaining leave to the Court.

The Court just doesn't know based on the response that Williams submitted.

Accordingly, the undersigned cannot find that the equities tip in her favor.

But striking Williams's response at this stage would not necessarily advance the disposition of this case where it would be more efficient to address the legal sufficiency of her complaint under Equifax's motion to dismiss and its reply and – out

of deference to her *pro se* status – Williams's late-filed response.

So the undersigned will turn to that analysis next.

Williams asserts that Equifax violated the Fair Credit Reporting Act ("FCRA"), which was "enacted … to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce. To that end, the Act imposes several obligations on [credit reporting agencies ("CRAs")] and authorizes consumers to bring a private cause of action in response to negligent or willful violations." *Hammer v. Equifax Info. Sevs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (quoting *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989); citing 15 U.S.C. § 1681(b)); *see also Donna v. Countrywide Mortg.*, No. 14-cv-03515-CBS, 2015 WL 9456325, at *5 (D. Colo. Dec. 28, 2015) ("The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."' (quoting Section 1681(b))).

While Williams asserts multiple reasons why Equifax, a CRA, violated the FCRA – in that the complaint contains seven claims under the FCRA – all of the claimed violations are based on her allegations that her consumer report from Equifax contained "incomplete, inaccurate and false information on Account Number 639305******2029 with KOHLS/CAP1" under a theory that this trade line is either incomplete, inaccurate, or false because "[a] date of last payment of March 2019 was reported in KOHLS/CAP1 but in the payment history a 120 days past due was

reported in March 2019." Dkt. No. 3 at 2; *see also* Dkt. No. 13 at 1-2 ("The crux of the Plaintiff's complaint revolves around purported breaches of the FCRA by the Defendant, specifically relating to Defendant's furnishing of incomplete, inaccurate and false information on Plaintiff's credit report with regards her account with KOHLS/CAP1 under Account Number 639305******2029 which diminished her FICO scores and resulted in credit denials. In the account associated with KOHLS/CAP1, the credit report reflected a last payment date of March 2019. However, it is noteworthy that the payment history section of the report indicated a 120-day past due status in the same month. This inconsistency between the reported last payment date and the concurrent past due status within the same month renders the credit report inaccurate, potentially misleading creditors and impacting the plaintiff's creditworthiness.").

"[A] credit reporting agency, when preparing a credit report on a consumer, is required to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (quoting 15 U.S.C. § 1681e(b)), *superseded by statute on other grounds as recognized in Santos v. Healthcare Revenue Recovery Grp., LLC*, 90 F.4th 1144, 1156 (11th Cir. 2024).

That is, the FCRA "does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." *Sepulvado v. CSC Credit Servcs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998) (citing

*Thompson v. San Antonio Retail Merchants Assoc.*, 682 F.2d 509, 513 (5th Cir. 1982)).

And, "if a consumer disputes the completeness or accuracy of any information contained in her file and she notifies the credit reporting agency of the dispute, the agency must 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (per curiam) (quoting 15 U.S.C. § 1681i(a)(1)(A)).

So, to ultimately "establish a violation of either of these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Id.* (citing *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021)); *see also Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report." (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000))).

> A credit entry may be inaccurate within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. Mere imprecision does not render information inaccurate. However, information that is open to an interpretation that is directly contradictory to the true information is sufficiently misleading to qualify as inaccurate.

*Toliver*, 973 F. Supp. 2d at 715 (cleaned up); *see also Hammer*, 974 F.3d at 568 ("A credit report does not become inaccurate whenever there is an omission, but only when an omission renders the report 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" (quoting *Sepulvado*, 158

F.3d at 895)).

While, at this stage, Williams need not provide evidence of the claimed inaccuracies in the report, she still must "plead sufficient facts on all of the ultimate elements of [her FCRA] claim[s] to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

So, to survive the motion to dismiss, Williams must allege facts from which the Court may infer that the report was either incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect a credit decision.

But Williams has not done so.

Williams does not allege that the payment history notations are factually incorrect. She only alleges that language in the report appears imprecise or that the report seems internally inconsistent and has only speculated that such imprecision or inconsistency caused her harm without explaining why.

That is, while Williams, in her response, states that the "inconsistency between the reported last payment date and the concurrent past due status within the same month renders the credit report inaccurate, potentially misleading creditors and impacting the plaintiff's creditworthiness," Dkt. No. 13 at 2, the facts supporting this legal conclusion stop short of alleging a plausible entitlement to relief. For example, based on the facts alleged, it's just as plausible that the last payment made in March 2019 was made 120 days late.

Williams has therefore failed to plead "enough facts to state a [violation of the FCRA] that is plausible on its face," *Twombly*, 550 U.S. at 570 – that is, as to an

essential element of the FCRA claims she asserts, Williams's complaint does not offer facts that are specific enough "to raise a right to relief above the speculative level," *id.* at 555.

The Court should therefore grant the motion to dismiss.

Even so, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Williams a chance to show that this case should not be dismissed with prejudice and that the Court should instead grant her leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Williams fails to satisfactorily show through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

### Recommendation

The Court should grant Defendant Equifax Information Services LLC's motion to dismiss [Dkt. No. 10] and dismiss this lawsuit with prejudice unless Plaintiff Queenisha Williams satisfactorily shows – through timely objections to these findings, conclusions, and recommendation – a basis to amend the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE